**NOT FOR PUBLICATION**                                          CLOSED

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
JUSTICE I. ALLAH,               :
a/k/a Melvin Baldwin,           :    Civil Action No. 10-3976 (FSH)
                                :
           Petitioner,          :
                                :
     v.                         :    OPINION
                                :
BRIAN RIORDAN, et al.,          :
                                :
           Respondents.         :
```

**APPEARANCES:**

Petitioner pro se
Justice I. Allah
a/k/a Melvin Baldwin
Union County Jail
15 Elizabethtown Plaza
Elizabeth, NJ 07202


**HOCHBERG**, District Judge

   Petitioner Justice I. Allah, also known as Melvin Baldwin, a pre-trial detainee currently confined at Union County Jail in Elizabeth, New Jersey, has submitted a petition for a writ of

habeas corpus.[1]  The respondents include Union County Jail Director Brian Riordan and Assistant Prosecutor Joshua McMahon.

Petitioner has neither pre-paid the $5.00 filing fee nor submitted an application for leave to proceed in forma pauperis.

Because it appears from a review of the Petition that Petitioner is not entitled to relief at this time, the Petition will be dismissed without prejudice.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

In the Petition and supplemental filings,[2] Petitioner asserts that, while he was in custody on another matter in Alabama, he was advised that New Jersey would not be extraditing him with respect to certain charges then pending in New Jersey. Petitioner asserts that he was later arrested in New Jersey, but that certain charges were dismissed, bail was reduced, and he was

---

[1] Petitioner did not state in the Petition the provision under which he asserts jurisdiction.  Jurisdiction to grant the writ to pre-trial detainees in state custody exists under 28 U.S.C. § 2241.  See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  For state prisoners, 28 U.S.C. § 2254 is a post-conviction remedy.

Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner has submitted various supporting documents.

released after posting a bond with respect to the remaining charges on September 12, 2009.

Petitioner asserts that he was later indicted and rearrested. He asserts that he was arraigned on May 3, 2010, and bail was increased to $25,000.

Petitioner asserts that his present confinement, as a pre-trial detainee, is unlawful on various grounds, including violations of the Interstate Agreement on Detainers and various alleged due process violations.

Petitioner has attached to the Petition a copy of a motion to dismiss Indictments Nos. 09-12-1096I and 07-08-758I filed in state court and dated May 3, 2010. This Petition is dated July 28, 2010, less than three months later.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

Exhaustion is required of a state pre-trial detainee seeking a federal writ of habeas corpus.  In the absence of exhaustion,

4

this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present."

Petitioner has not alleged exhaustion of his state remedies, nor has he alleged any extraordinary circumstances that would justify this Court's exercise of jurisdiction.  Moreover, this Petition is dated July 28, 2010, less than three months after he filed the motion, in state court, on May 3, 2010, to dismiss the indictments.  It does not appear that Petitioner could have exhausted his state remedies in that period of time.  Accordingly, there is no basis for this Court to intervene in this pending state criminal proceeding.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice as unexhausted.[3]  This Court expresses no opinion as to the merits of Petitioner's claims.  An appropriate order follows.


  /s/ Faith S. Hochberg  
  Faith S. Hochberg
  United States District Judge

Dated: August 18, 2010

---

[3] Should Petitioner be able to demonstrate that he has exhausted these claims in state court, he may move to re-open this matter.  Any motion to re-open must be accompanied by either the filing fee or an application for leave to proceed in forma pauperis.